UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br>*Knox County, Missouri v. Purdue Pharma, L.P., et al.*<br><br>1:19-op-45406 | MDL No. 2804<br><br>Case No. 1:17-md-2804<br><br>Judge Dan Aaron Polster<br><br>**SHORT FORM FOR SUPPLEMENTING COMPLAINT AND AMENDING DEFENDANTS AND JURY DEMAND** |

Plaintiff submits this supplemental pleading and Amended Complaint incorporating as if fully set forth herein its own prior pleadings and, if indicated below, the common factual allegations identified and the RICO causes of action included in the Corrected Second Amended Complaint and Jury Demand in the case of *The County of Summit, Ohio, et al., v. Purdue Pharma L.P., et al.,* Case No. 1:18-op-45090 ("*Summit County* Pleadings"), *In Re National Prescription Opiate Litigation,* in the United States District Court for the Northern District of Ohio, Dkt #513, 514[1]), and as may be amended in the future, and any additional claims asserted herein. Plaintiff also hereby amends its complaint to alter the defendants against which claims are asserted as identified below. To the extent defendants were previously sued in plaintiff(s)' existing complaint and they are no longer identified as defendants herein, they have been dismissed without prejudice except as limited by CMO-1, Section 6(e). Doc. #232.

---

[1] Docket #513 is the redacted Summit Second Amended Complaint and Docket #514 is the unredacted Summit Corrected Second Amended Complaint filed under seal in Case No. 1:17-md-02804-DAP. The redacted Summit Corrected Second Amended Complaint is also filed in its individual docket, Case No. 1:18-op-45090-DAP, Docket #24.

## INCORPORATION BY REFERENCE OF EXISTING COMPLAINT

Plaintiff(s)' Existing Complaint, *Knox Douglas County, Missouri v. Purdue Pharma, L.P., et al.* (1:19-op-45406), as may have been previously amended, is expressly incorporated by reference to this Short Form as if fully set forth herein except to the extent that allegations regarding certain defendants that are not listed in section 2 below are dismissed without prejudice.

## PARTIES – DEFENDANTS

1.  Having reviewed the relevant ARCOS data, Plaintiff asserts claims against the following Defendants:

AMERISOURCEBERGEN DRUG CORPORATION, CARDINAL HEALTH, INC., McKESSON CORPORATION, PURDUE PHARMA L.P., PURDUE PHARMA, INC., PURDUE FREDERICK COMPANY, INC., TEVA PHARMACEUTICAL INDUSTRIES, LTD., TEVA PHARMACEUTICALS USA, INC., CEPHALON, INC., JOHNSON & JOHNSON, JANSSEN PHARMACEUTICALS, INC., ORTHO-MCNEIL-JANNSSEN PHARMACEUTICALS, INC., JANSSEN PHARMACEUTICA INC., NORAMCO, INC., ENDO HEALTH SOLUTIONS INC., ENDO PHARMACEUTICALS, INC., PAR PHARMACEUTICAL, INC., PAR PHARMACEUTICAL COMPANIES, INC., ALLERGAN PLC, ALLERGAN FINANCE, LLC, WATSON LABORATORIES, INC., ACTAVIS LLC, ACTAVIS PHARMA, INC., INSYS THERAPEUTICS, INC., MALLINCKRODT PLC, MALLINCKRODT LLC, SPECGX LLC, H.D. SMITH WHOLESALE DRUG CO., H.D. SMITH, LLC, CVS HEALTH CORPORATION, CVS INDIANA, LLC, WALGREENS BOOTS ALLIANCE, INC., WALGREEN CO., KROGER CO., KROGER LIMITED PARTNERSHIP I, KROGER LIMITED PARTNERSHIP II, WALMART INC., ANDA, INC., AMNEAL PHARMACEUTICALS, LLC, HY-VEE, INC., KVK-TECH, INC., MCQUEARY BROTHERS DRUG COMPANY, LLC, MORRIS & DICKSON CO., LLC, MYLAN PHARMACEUTICALS, INC., OMNICARE DISTRIBUTION CENTER, LLC, PHARMACY BUYING ASSOCIATION, INC., RHODES PHARMACEUTICALS, L.P., SAJ DISTRIBUTORS, SANDOZ, INC., SUN PHARMACEUTICAL INDUSTRIES, INC., AND WEST-WARD PHARMACEUTICALS CORPORATION.

**I, <u>Anthony J. Majestro</u>, Counsel for Plaintiff(s), certify that in identifying all Defendants, I have followed the procedure approved by the Court and reviewed the ARCOS data that I understand to be relevant to Plaintiff(s). I further certify that, except as set forth below, each of the Defendant(s) newly added herein appears in the ARCOS data I reviewed. I understand that for each newly added Defendant not appearing in the ARCOS data I must set forth below factual allegations sufficient to state a claim against any such newly named Defendant that does not appear in the ARCOS data.**

**Dated: September 5, 2019**          **Signed:** <u>/s/ Anthony J. Majestro</u>

Factual Allegations Regarding Individual Defendants

Defendants ANDA, INC., AMNEAL PHARMACEUTICALS, LLC, HY-VEE, INC., KVK-TECH, INC., MCQUEARY BROTHER DRUG COMPANY, LLC, MORRIS & DICKSON CO., LLC, MYLAN PHARMACEUTICALS, INC., OMNICARE DISTRIBUTION CENTER, LLC, PHARMACHY BUYING ASSOCIATION, INC., RHODES PHARMACEUTICALS, L.P., SAJ DISTRIBUTORS, SANDOZ, INC., SUN PHARMACEUTICAL INDUSTRIES, INC., AND WEST-WARD PHARMACEUTICALS CORPORATION are hereby added as Defendants by this pleading based on the following jurisdictional allegations:

1.1.1  Defendant **Anda, Inc.,** ("Anda") through its various DEA registrant subsidiaries and affiliated entities, including but not limited to, Anda Pharmaceuticals, Inc., is the fourth largest distributor of generic pharmaceuticals in the United States. Anda, Inc. is a Florida corporation with its principal office located in Weston, Florida. In October 2016, Defendant Teva acquired Anda from Allergan plc (i.e., Defendant Actavis), for $500 million in cash. Anda is registered to conduct business and/or conducts business in Plaintiff's community as a licensed wholesale pharmaceutical distributor. Anda distributed opioids, in violation of the duties owed to Plaintiff as set forth in Plaintiff's original complaint and the other allegations incorporated herein, in sufficient quantities to be a proximate cause of Plaintiff's injuries. Anda is sued as a Distributor Defendant.

1.1.2  **Amneal Pharmaceuticals, LLC** ("Amneal") is a Delaware limited liability company with its principal place of business in Branchburg, New Jersey. Amneal manufactures, promotes, distributes and/or sells opioids nationally, including many Schedule II controlled substances such as Oxycodone and Hydrocodone. Amneal is registered to conduct

business and/or conducts business in Plaintiff's community as a licensed wholesale pharmaceutical distributor.  Amneal distributed opioids, in violation of the duties owed to Plaintiff as set forth in Plaintiff's original complaint and the other allegations incorporated herein, in sufficient quantities to be a proximate cause of Plaintiff's injuries. Amneal is sued as a Marketing Defendant.

1.1.3    Defendant, **Hy-Vee, Inc.,** is an Iowa corporation with its principal place of business in West Des Moines, Iowa.  Defendant Hy-Vee is registered to conduct business and/or conducts business in Plaintiff's community as a licensed wholesale pharmaceutical distributor under the following named business entities:  Hy-Vee Pharmacy Solutions, Hy-Vee Pharmacy Fulfillment Center (4016).  Defendant Hy-Vee distributed opioids, in violation of the duties owed to Plaintiff as set forth in Plaintiff's original complaint and the other allegations incorporated herein, in sufficient quantities to be a proximate cause of Plaintiff's injuries.  Hy-Vee is sued as both a Distributor Defendant and as a National Retail Pharmacy Defendant.

1.1.4    Defendant **KVK-Tech, Inc.** is a privately-held Pennsylvania corporation with its principal place of business in Pennsylvania. KVK-Tech, Inc.is a manufacturer of generic prescription opioids, including many Schedule II controlled substances such as Oxycodone and Hydrocodone. KVK-Tech, Inc. manufactures, markets, sells and/or distributes pharmaceutical drugs nationally and in Plaintiff's Community. KVK-Tech, Inc. is registered to conduct business and/or conducts business in Plaintiff's community as a licensed wholesale pharmaceutical distributor.  KVK-Tech, Inc. distributed opioids, in violation of the duties owed to Plaintiff as set forth in Plaintiff's original complaint and the other allegations incorporated herein, in sufficient quantities to be a proximate cause of Plaintiff's injuries. KVK-Tech, Inc. is sued as a Marketing Defendant.

4

      1.1.5      Defendant **McQueary Brothers Drug Company, LLC** ("McQueary Brothers") is a Delaware limited liability company with its principal place of business in California.  In May 2008, McQueary Brothers Drug Company was acquired by McKesson Corporation. McQueary Brothers is registered to conduct business and/or conducts business in Plaintiff's community as a licensed wholesale pharmaceutical distributor. McQueary Brothers distributed opioids, in violation of the duties owed to Plaintiff as set forth in Plaintiff's original complaint and the other allegations incorporated herein, in sufficient quantities to be a proximate cause of Plaintiff's injuries.  McQueary Brothers is sued as a Distributor Defendant.

      1.1.6      Defendant **Morris & Dickson Co., LLC** ("Morris & Dickson") is a limited liability company with its principal place of business in Shreveport, Louisiana. Morris & Dickson is a full-line wholesale pharmaceutical distributor. On information and belief, it is the largest independently owned and privately held drug wholesale distributor in the United States. It operates out of a single distribution center in Shreveport, Louisiana, which serves pharmacies, hospitals and alternate care clinics such as nursing homes in 17 states. Morris & Dickson is registered to conduct business and/or conducts business in Plaintiff's community as a licensed wholesale pharmaceutical distributor. Morris & Dickson distributed opioids, in violation of the duties owed to Plaintiff as set forth in Plaintiff's original complaint and the other allegations incorporated herein, in sufficient quantities to be a proximate cause of Plaintiff's injuries.  Morris & Dickson is sued as a Distributor Defendant.

      1.1.7      Defendant **Mylan Pharmaceuticals, Inc.** dba Mylan Pharmaceuticals is a West Virginia corporation with its principal place of business located in Morgantown, WV. Mylan Pharmaceuticals is registered to conduct business and/or conducts business in Plaintiff's community as a licensed wholesale pharmaceutical distributor.  Mylan Pharmaceuticals

distributed opioids, in violation of the duties owed to Plaintiff as set forth in Plaintiff's original complaint and the other allegations incorporated herein, in sufficient quantities to be a proximate cause of Plaintiff's injuries. Mylan Pharmaceuticals is sued as a Marketing Defendant.

1.1.8     Defendant **Omnicare Distribution Center, LLC** is a Delaware limited liability corporation with its principal place of business in Ohio, and was a wholly owned subsidiary of Omnicare, Inc. In May 2015, Omnicare, Inc. was acquired by CVS Health Corporation and operates as a wholly owned subsidiary. Omnicare Distribution Center, LLC distributed opioids, in violation of the duties owed to Plaintiff as set forth in Plaintiff's original complaint and the other allegations incorporated herein, in sufficient quantities to be a proximate cause of Plaintiff's injuries. Omnicare Distribution Center, LLC. is sued as a Distributor Defendant.

1.1.9     Defendant **Pharmacy Buying Association, Inc.** is a Missouri corporation with its principal place of business in Kansas City, Missouri. Pharmacy Buying Association, Inc. is registered to conduct business and/or conducts business in Plaintiff's community as a licensed wholesale pharmaceutical distributor. Pharmacy Buying Association, Inc. distributed opioids, in violation of the duties owed to Plaintiff as set forth in Plaintiff's original complaint and the other allegations incorporated herein, in sufficient quantities to be a proximate cause of Plaintiff's injuries. Pharmacy Buying Association, Inc. is sued as a Distributor Defendant.

1.1.10     Defendant **Rhodes Pharmaceuticals L.P.** ("Rhodes") is a Delaware limited partnership formed in or around 2007 with headquarters located in Coventry, Rhode Island.

1.1.11     Defendant **SAJ Distributors** is an Arkansas corporation with its principal place of business in Pine Bluff, Arkansas. SAJ Distributors is registered to conduct business and/or conducts business in Plaintiff's community as a licensed wholesale pharmaceutical

distributor. SAJ Distributors distributed opioids, in violation of the duties owed to Plaintiff as set forth in Plaintiff's original complaint and the other allegations incorporated herein, in sufficient quantities to be a proximate cause of Plaintiff's injuries. SAJ Distributors is sued as both a Distributor Defendant.

1.1.12 Defendant **Sandoz, Inc, ("Sandoz")** is a division of Novartis Pharmaceuticals Corporation ("Novartis") is registered as a Delaware corporation with its principal place of business in East Hanover, New Jersey. Sandoz is a Colorado corporation with its principal place of business in Princeton, New Jersey. Sandoz principally develops, manufactures, markets, and distributes generic pharmaceutical products. Upon information and belief, at all times relevant. Sandoz manufactured, promoted, distributed and/ir sold opioids nationally, and in Plaintiff's Community in violation of the duties owed to Plaintiff and in sufficient quantities to proximately cause Plaintiff's injuries as set forth herein.

1.1.13 Defendant **Sun Pharmaceutical Industries, Inc.** ("Sun Pharmaceutical") is a Michigan corporation with a principal place of business in Cranbury, New Jersey. Sun Pharmaceutical is registered to conduct business and/or conducts business in Plaintiff's community as a licensed wholesale pharmaceutical distributor. Sun Pharmaceutical distributed opioids, in violation of the duties owed to Plaintiff as set forth in Plaintiff's original complaint and the other allegations incorporated herein, in sufficient quantities to be a proximate cause of Plaintiff's injuries. Sun Pharmaceutical is sued as a Marketing Defendant.

1.1.14 Defendant **West-Ward Pharmaceuticals Corporation** n/k/a Hikma Pharmaceuticals USA Inc. ("West-Ward") is a Delaware corporation with a principal place of business in New Jersey. West-Ward is a provider of oral, liquid, inhalant, and injectable branded and non-branded generic medicines. West-Ward is a manufacturer of generic prescription

7

opioids, including many Schedule II controlled substances such as Oxycodone and Hydromorphone. West-Ward manufactures, markets, sells and/or distributes pharmaceutical drugs nationally and in Plaintiff's Community. West-Ward is registered to conduct business and/or conducts business in Plaintiff's community as a licensed wholesale pharmaceutical distributor. West-Ward distributed opioids, in violation of the duties owed to Plaintiff as set forth in Plaintiff's original complaint and the other allegations incorporated herein, in sufficient quantities to be a proximate cause of Plaintiff's injuries. West-Ward is sued as a Marketing Defendant.

## COMMON FACTUAL ALLEGATIONS

2.  By checking the boxes in this section, Plaintiff hereby incorporates by reference to this document the common factual allegations set forth in the *Summit County* Pleadings as identified in the Court's Order implementing the Short Form procedure. Dkt. #1282.

☒ Common Factual Allegations (Paragraphs 130 through 670 and 746 through 813)

☒ RICO Marketing Enterprise Common Factual Allegations (Paragraphs 814-848)

☒ RICO Supply Chain Enterprise Common Factual Allegations (Paragraphs 849-877)

3.  If additional claims are alleged below that were not pled in Plaintiff's Existing Complaint (other than the RICO claims asserted herein), the facts supporting those allegations must be pleaded here. Plaintiff(s) assert(s) the following additional facts to support the claim(s) identified in Paragraph 6 below (below or attached):

N/A

## CLAIMS

4.  The following federal **RICO causes of action** asserted in the *Summit County* Pleadings as identified in the Court's implementing order and any subsequent amendments, Dkt.

1282, are incorporated in this Short Form by reference, in addition to the causes of action already asserted in the Plaintiff(s)'s Existing Complaint (check all that apply):

☒  First Claim for Relief – Violation of RICO, 18 U.S.C. § 1961 *et seq*. – Opioid Marketing Enterprise (Against Defendants Purdue, Cephalon, Janssen, Endo and Mallinckrodt (the "RICO Marketing Defendants")) (*Summit County* Pleadings, Paragraphs 878-905)

☒  Second Claim for Relief – Violation of RICO, 18 U.S.C. § 1961 *et seq*. – Opioid Supply Chain Enterprise (Against Defendants Purdue, Cephalon, Endo, Mallinckrodt, Actavis, McKesson, Cardinal, and AmerisourceBergen (the "RICO Supply Chain Defendants")) (*Summit County* Pleadings, Paragraphs 906-938)

5. Plaintiff asserts the following **additional claims** as indicated (below or attached): N/A

6. To the extent Plaintiff(s) wish(es) to **dismiss claims** previously asserted in Plaintiff(s)'s Existing Complaint, they are identified below and will be dismissed without prejudice:  N/A

WHEREFORE, Plaintiff(s) prays for relief as set forth in the *Summit County* Pleadings in *In Re National Prescription Opiate Litigation* in the United States District Court for the Northern District of Ohio, MDL No. 2804 and in Plaintiff's Existing Complaint as has been amended herein.

.

9

Dated: September 5, 2019　　　　　　　　　/s/Anthony J. Majestro  
　　　　　　　　　　　　　　　　　　　　*Attorney for Plaintiff(s)*  
　　　　　　　　　　　　　　　　　　　　Anthony J. Majestro  
　　　　　　　　　　　　　　　　　　　　J.C. Powell  
　　　　　　　　　　　　　　　　　　　　James S. Nelson  
　　　　　　　　　　　　　　　　　　　　Christina L. Smith  
　　　　　　　　　　　　　　　　　　　　**POWELL & MAJESTRO, PLLC**  
　　　　　　　　　　　　　　　　　　　　405 Capitol Street, Suite P-1200  
　　　　　　　　　　　　　　　　　　　　Charleston, WV 25301  
　　　　　　　　　　　　　　　　　　　　Tel.: 304-346-2889  
　　　　　　　　　　　　　　　　　　　　Fax: 304-346-2895  
　　　　　　　　　　　　　　　　　　　　amajestro@powellmajestro.com  
　　　　　　　　　　　　　　　　　　　　jcpowell@powellmajestro.com  
　　　　　　　　　　　　　　　　　　　　jnelson@powellmajestro.com  
　　　　　　　　　　　　　　　　　　　　csmith@powellmajestro.com  

　　　　　　　　　　　　　　　　　　　　/s/J. Burton LeBlanc, IV  
　　　　　　　　　　　　　　　　　　　　Russell W. Budd  
　　　　　　　　　　　　　　　　　　　　J. Burton LeBlanc, IV  
　　　　　　　　　　　　　　　　　　　　Laura J. Baughman  
　　　　　　　　　　　　　　　　　　　　Christine C. Mansour  
　　　　　　　　　　　　　　　　　　　　**BARON & BUDD, P.C.**  
　　　　　　　　　　　　　　　　　　　　3102 Oak Lawn Avenue, Suite 1100  
　　　　　　　　　　　　　　　　　　　　Dallas, TX 75219  
　　　　　　　　　　　　　　　　　　　　Tel.: 214-521-3605  
　　　　　　　　　　　　　　　　　　　　Fax: 214-520-1181  
　　　　　　　　　　　　　　　　　　　　rbudd@baronbudd.com  
　　　　　　　　　　　　　　　　　　　　bleblanc@baronbudd.com  
　　　　　　　　　　　　　　　　　　　　lbaughman@baronbudd.com  
　　　　　　　　　　　　　　　　　　　　cmansour@baronbudd.com

/s/Peter J. Mougey
Peter J. Mougey
Troy Rafferty
Archie C. Lamb, Jr.
Page A. Poerschke
Laura S. Dunning
Jeffrey Gaddy
**LEVIN, PAPANTONIO, THOMAS, MITCHELL, RAFFERTY & PROCTOR, P.A.**
316 S. Baylen Street, Suite 600
Pensacola, FL 32502-5996
Tel.: 850-435-7068
Fax: 850-436-6068
pmougey@levinlaw.com
trafferty@levinlaw.com
alamb@levinlaw.com
ppoerschke@levinlaw.com
ldunning@levinlaw.com
jgaddy@levinlaw.com


/s/ Paul T. Farrell, Jr.
Paul T. Farrell, Jr.
M. Bert Ketchum, III
**Greene, Ketchum, Farrell, Bailey & Tweel, LLP**
419 - 11th Street (25701)/ P.O. Box 2389
Huntington, West Virginia 25724-2389
Phone: 800.479.0053 or 304.525.9115
Fax: 304.529.3284
paul@greeneketchum.com
bert@greeneketchum.com

11

/s/James C. Peterson
R. Edison Hill (WVSB No. 1734)
James C. Peterson (WVSB No. 2880)
Harry C. Deitzler (WVSB No. 981)
Aaron L. Harrah (WVSB No. 9937)
Sandra B. Harrah (WVSB No. 7130)
Douglas A. Spencer (WVSB No. 9369)
**HILL, PETERSON, CARPER,**
**BEE & DEITZLER, PLLC**
NorthGate Business Park
500 Tracy Way
Charleston, WV 25311
Tel.: 304-345-5667
Fax: 304-345-1519
jcpeterson@hpcbd.com
rehill@hpcbd.com
HGDeitzler@hpcbd.com
aaron@hpcbd.com
sandra@hpcbd.com
doug@hpcbd.com


/s/Michael J. Fuller, Jr.
Michael J. Fuller, Jr.
Amy J. Quezon
**MCHUGH FULLER LAW GROUP,**
**PLLC**
97 Elias Whiddon Rd.
Hattiesburg, MS 39402
Tel.: 601-261-2220
Fax: 601-261-2481
mike@mchughfuller.com
amy@mchughfuller.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 5th day of September, 2019, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF System. Copies will be served upon counsel of record by, and may be obtained through, the Court CM/ECF Systems.

/s/Anthony J. Majestro
Anthony J. Majestro
*Attorney for Plaintiff(s)*
